# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELIETTE GEE, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. CIV-17-1273-STE |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for supplemental security income under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record. (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

## I.   PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following two administrative hearings, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 26-41). The Appeals Council denied

Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 6, 2014, her alleged onset date. (TR. 29). At step two, the ALJ determined Ms. Gee had the following severe impairments: obesity; major depressive disorder, recurrent, severe, with psychotic features; and intermittent explosive disorder. (TR. 29). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 32).

At step four, the ALJ concluded that Ms. Gee retained the residual functional capacity (RFC) to:

> [P]erform "light work," as defined in 20 CFR 416.967(b), except that the claimant can only: occasionally climb, balance, stoop, kneel, crouch, and crawl; understand, remember, and carry out simple instructions; make only simple, work related decisions; deal with only occasional changes in work processes and environment; have no contact with the general public; have only incidental, superficial work-related type contact with co-workers and supervisors, i.e., brief, succinct, cursory, concise communication relevant to the task being performed.

(TR. 35) (footnote omitted). With this RFC, the ALJ concluded that Plaintiff was unable to perform any past relevant work. (TR. 39). As a result, the ALJ made additional findings at step five. There, the ALJ presented several limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could

perform. (TR. 78). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles. (TR. 79).[1] The ALJ adopted the testimony of the VE and concluded that Ms. Gee was not disabled based on her ability to perform the identified jobs. (TR. 40-41).[2]

## III. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV. ISSUES PRESENTED

On appeal, Plaintiff alleges the ALJ erred in evaluating: (1) the RFC and (2) "other source" evidence.

---

[1] At the hearing, the VE identified six jobs, but only three reflected the RFC the ALJ ultimately utilized. *Compare* TR. 35 *with* TR. 79-80.

[2] In the decision, the ALJ cited six jobs, but as discussed, only three jobs were relevant. *See supra*.

## V. THE RFC

As stated, the ALJ determined Ms. Gee suffered from severe impairments involving major depressive disorder, recurrent, severe, with psychotic features; and intermittent explosive disorder. (TR. 29). Ms. Gee alleges that the ALJ failed to include limitations in the RFC stemming from these severe impairments. (ECF No. 16:3-12). The Court disagrees.

### A. ALJ's Duty in Assessing the RFC

Once a claimant's impairments are deemed severe at step two, the ALJ has a duty to discuss their impact throughout the remainder of the disability determination. 20 C.F.R. § 416.945(a)(2). Indeed, in formulating the RFC, the ALJ must discuss the combined effect of *all* the claimant's medically determinable impairments, both severe and nonsevere. *See Wells v. Colvin,* 727 F.3d 1061, 1065 (10th Cir. 2013). However, "a finding that an impairment is severe at step two is not determinative of the claimant's RFC." *Johnson v. Berryhill*, 679 F. App'x 682, 687 (10th Cir. 2017).

"The question is not whether the RFC recounts or lists the 'severe' impairments found at step two, but whether the RFC accounts for the work-related limitations that flow from those impairments." *Cavalier v. Colvin*, 13-CV-651-FHM, 2014 WL 7408430, at *2 (N.D. Okla. Dec. 30, 2014). In assessing an individual's RFC, the ALJ must consider the limitations and restrictions imposed by a claimant's severe impairments and express any limitations in terms of specific, work-related activities he or she is able to perform. *See* SSR 96-8p, 1996 WL 374184, at *6-7 (July 2, 1996).

**B.     No Error in the RFC Assessment**

Plaintiff argues that the ALJ: (1) "omit[ted] critical portions of [medical records] which include[d] the functionally distinct limitations" and (2) the RFC should have reflected such limitations. (ECF No. 16:5-12). The Court rejects both arguments.

First, Ms. Gee claims that the ALJ failed to discuss evidence which reflected Plaintiff's subjective reports of:

- crying,
- blacking out,
- fighting,
- getting mad and throwing things,
- yelling,
- breaking things,
- getting stressed and depressed "easy,"
- an inability to sleep,
- being constantly threatened,
- constantly thinking,
- visual and auditory hallucinations,
- feelings of isolation,
- lack of energy,
- being easily irritated,
- problems with focus, attention, and comprehension,
- "manic" episodes,

5

- anxiety,

- difficulty getting along with people, and

- depression.

(ECF No. 16:7) (citing TR. 429, 467, 470, 472, 489, 497, 505, 531).

Although Ms. Gee asserts that the ALJ failed to discuss particular reports which had documented these symptoms, the administrative decision shows that the ALJ had considered Plaintiff's subjective complaints. *See* (TR. 31, 33-36) (ALJ's recognition that Plaintiff had reported depression, anger, throwing things, yelling, mood swings, decreased sleep, fatigue, frustration, cursing, withdrawal, difficulty getting along with others, getting mad and "run[ning] people off," not getting along with others, feeling stressed, and isolation). The ALJ assessed Plaintiff's subjective allegations and concluded:

> The claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]

(TR. 35). The ALJ considered Plaintiff's symptoms related to her mental impairments and accounted for them in the RFC by limiting her to work which required the ability to only:

> understand, remember, and carry out simple instructions; make only simple, work related decisions; deal with only occasional changes in work processes and environment; have no contact with the general public; have only incidental, superficial work-related type contact with co-workers and supervisors, i.e., brief, succinct, cursory, concise communication relevant to the task being performed.

(TR. 35). Ms. Gee believes that additional limitations should have been imposed based on her symptoms which she had reported to various medical practitioners. But she does not separately challenge the ALJ's evaluation of her subjective allegations and cites no

medical opinions which she believes the ALJ had improperly disregarded.[3] Accordingly, the Court rejects Ms. Gee's argument that the ALJ failed to discuss critical portions of medical records which had documented her subjective complaints.

Second, Plaintiff alleges that the ALJ erred in failing to include particular limitations in the RFC relating to the aforementioned symptoms. (ECF No. 16:7-12). In particular, Plaintiff argues that the RFC should have included limitations which would allow:

- her to miss "a few hours during the workday for multiple days each week" for counseling,
- no contact with supervisors and co-workers due to her anger,
- reduced attention and focus,
- unscheduled breaks throughout the workday to account for crying spells,
- repeated instructions and the ability to ask questions,
- her to miss multiple days of work per month for manic episodes, and
- for the difficulty in understanding Ms. Gee's speech.

(ECF No. 16:7-12). The Court rejects Ms. Gee's argument because she has offered nothing more than her subjective beliefs that the RFC warranted additional limitations. (ECF No. 16:7-12).

For example, Plaintiff states "there should have been a limitation for her need to miss at least a few hours during the workday for multiple days each week to go see her

---

[3] "Medical opinions" are defined as "statement from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's physical or mental restrictions." 20 C.F.R. § 416.927(a)(2).

mental health counselor." (ECF No. 16:8). The medical evidence belies Plaintiff's allegations regarding the frequency of her mental health treatment. According to records from Red Rock Behavioral Health Services ("Red Rock"), Plaintiff received monthly treatment from April to December 2013 and August to December 2014, and in May 2014, Ms. Gee visited Red Rock every other week for three visits. (TR. 429-430, 432-433, 435-436, 438-439, 441-486, 505-507, 510-512, 515-527). This evidence is not indicative of a need to miss multiple days of work per week for counseling sessions.

Plaintiff also alleges that she should have no contact with supervisors and co-workers due to her anger, but again, no medical evidence supports this allegation. The ALJ acknowledged that Ms. Gee reported trouble with anger and limited Plaintiff to "superficial work-related type contact with co-workers and supervisors," which the ALJ believed would adequately account for Plaintiff's anger. (TR. 34, 35). The Court will not re-weigh the evidence to conclude that a greater restriction is warranted. *See Vigil v. Colvin*, 805 F.3d at 1201 (10th Cir. 2015) (noting that the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency.") (internal quotation marks omitted).

In support of Plaintiff's allegations regarding additional limitations related to "reduced attention and focus," and the need for repeated instructions and the ability to ask her supervisor questions, Ms. Gee states: (1) "her psychotic features will cause her to see and hear things that will distr[act] her" and (2) "when Dr. Smiley asked [Plaintiff] the meaning of the phrase 'Rome was not built in one day,' she did not know the meaning." (ECF No. 16:8-9). But again, Plaintiff offers nothing more than speculation on

8

the need for additional limitations. The ALJ acknowledged that although consultative psychologist Dr. Rachel Smiley noted "trouble with short-term memory and concentration skills," the psychologist also thought it possible for Ms. Gee to maintain some type of employment. (TR. 497). Again, the ALJ adequately accounted for Plaintiff's attention and concentration skills by limiting her work requiring only the ability to understand, remember, and carry out simple instructions; and make only simple, work related decisions. (TR. 35). Plaintiff offers no evidence that this RFC was insufficient.

Plaintiff also argues that she would need to miss multiple days of work per month due to "manic episodes." But Ms. Gee has presented no evidence of manic episodes which would interfere with her ability to work and in fact the ALJ cited Dr. Smiley's report that Plaintiff had "denied significant symptoms of mania." (TR. 31, 496).

Finally, Plaintiff argues for additional limitations which would allow for:

- unscheduled breaks throughout the workday to account for crying spells and
- the difficulty in understanding Ms. Gee's speech.

(ECF No. 16:7-12). But aside from two reports of crying which were documented in records from Red Rock,[4] Ms. Gee did not complain of crying spells at her psychological consultative examination or at the hearing. *See* TR. 49-88,[5] 495-498. And regarding the limitation on speech, Plaintiff cites the fact that at the hearing, the ALJ had to repeat questions to Ms. Gee because he could not understand her answers. (ECF No. 16:9). On

---

[4] (TR. 467, 470).

[5] As noted, *supra*, Ms. Gee attended two hearings—one on February 29, 2016 and one on May 20, 2016. *See supra*; TR. 49-98. But only the latter hearing is relevant, as it had been continued without substantive testimony or findings being rendered at the first hearing.

9

her own, without any basis in fact, Ms. Gee translates the isolated incident at the hearing to reach a conclusion that "supervisors, co-workers, and employers will all have trouble communicating with [Plaintiff]." (ECF No. 16:9). But Plaintiff's speculation has no basis in fact. *See McNally v. Astrue*, 241 F. App'x. 515, 518 (10th Cir. 2007) ("with regard to [her severe impairments], the claimant has shown no error by the ALJ because she does not . . . discuss any evidence that would support the inclusion of any limitations.") (citation omitted).

"The burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability." *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004). Here, Plaintiff presented no medical opinion evidence in support of her allegations regarding additional limitations, and the ALJ acknowledged and discussed Ms. Gee's subjective allegations, which she does not separately challenge. Thus, the ALJ had no duty to include additional limitations in the RFC. *See Kirkpatrick v. Colvin*, 663 F. App'x. 646, 650 (10th Cir. 2016) ("Clearly, an ALJ doesn't commit error by omitting limitations not supported by the record"); *Arles v. Astrue*, 438 F. App'x 735, 740 (10th Cir. 2011) (rejecting plaintiff's claim a limitation should have been included in his RFC because "such a limitation has no support in the record"). Accordingly, the Court rejects Plaintiff's argument regarding the inclusion of additional limitations in the RFC.

## VI. "OTHER SOURCE" EVIDENCE

The record contains evidence in the form of a letter dated February 18, 2016 authored by Danielle Bird, Plaintiff's case manager at Red Rock. (TR. 783). In the letter,

10

Ms. Bird stated that Plaintiff had been diagnosed with major depressive disorder, recurrent, with psychotic features, and intermittent explosive disorder. (TR. 783). Ms. Bird also stated that Plaintiff was medication compliant, but "continue[d] to have difficulties managing symptoms of these disorders, and would continue to benefit from services." (TR. 783). The ALJ acknowledged the letter and noted that it was signed by claimant's case manager, who did not qualify as an "acceptable medical source." (TR. 32). The ALJ did not further comment on the letter. (TR. 32).

Plaintiff alleges that the ALJ erred in failing to evaluate Ms. Bird's letter as "other source evidence" under SSR 06-3p. According to Ms. Gee, Ms. Bird's statement that Plaintiff "continue[d] to have difficulty managing symptoms" was "an opinion that runs counter to the ALJ's decision." (ECF No. 16:13). As a result, Plaintiff claims that the ALJ had a duty to compare the letter with all of the remaining evidence of record and explain the weight it should have been afforded. (ECF No. 16:13-15). Ms. Gee alleges error in the ALJ's failure to do so, but the Court finds no basis for reversal.

### A. ALJ's Duty to Consider Evidence from "Other Sources"

Tenth Circuit law and Social Security Ruling 06-3p state that the ALJ must consider evidence from "other sources," who do not qualify as "acceptable medical sources." *Blea v. Barnhart*, 466 F.3d 903, 914-15 (10th Cir. 2006); Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies, 2006 WL 2329939, at 4, 6 (SSR 06-3p).

Opinions from a "non-medical source" who has seen the claimant in an official capacity should be evaluated using the following factors: (1) the length and frequency of the treatment, (2) consistency of the opinion with other evidence, (3) the degree to which the source presents relevant evidence in support, (4) how well the source explains the opinion, (5) the level of the source's expertise, and (6) any other relevant factors. *Id.* at 5. In evaluating "other source" evidence, not every factor will apply in every case. *Id.* at 5. However, the ALJ should explain the weight given to the "other source," ensuring that the decision allows a reviewing party to follow the adjudicator's reasoning. *Id.*

### B. Harmless Error in the ALJ's Failure to Discuss and Weigh Ms. Bird's Opinion

As an "other source," the ALJ had a duty to discuss and weigh Ms. Bird's opinion letter. *See supra*. But the need for express analysis is weakened "[w]hen the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC." *Mays v. Colvin*, 739 F.3d 569, 578 (10th Cir. 2014) (citation omitted). Furthermore, "an ALJ's failure to weigh a medical opinion involves harmless error if there is no inconsistency between the opinion and the ALJ's assessment of residual functional capacity. . . . because giving greater weight to [the opinion] would not have helped [the claimant]." *Id.* at 578-579 (citation omitted) (brackets in original).

Here, the ALJ acknowledged Ms. Bird's letter, but did not expressly discuss or weigh the opinion. (TR. 32). However, the ALJ clearly agreed with Ms. Bird regarding Plaintiff's difficulties managing her symptoms, as the RFC allowed for various limitations related to Plaintiff's mental impairments. *See* TR. 35 (RFC which limited Plaintiff to work which required only the abilities to understand, remember, and carry out simple

instructions; make only simple, work related decisions; deal with only occasional changes in work processes and environment; have no contact with the general public; and have only incidental, superficial work-related type contact with co-workers and supervisors). Based on the lack of inconsistency between Ms. Bird's opinion and the RFC, the Court finds only harmless error in the ALJ's failure to expressly discuss or weigh the opinion. *See Mays*, 739 F.3d at 578-579 (harmless error found in ALJ's failure to weigh consultative opinion in the absence of an inconsistency with the RFC or resulting prejudice). Accordingly, the Court rejects Ms. Gee's challenge to the ALJ's treatment of Ms. Bird's opinion.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on July 5, 2018.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE